**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JUNIOR ALFONSO CASTILLO ORTEGA #A222-563-312** | **CASE NO. 1:26-CV-02835 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN CENTRAL LOUISIANA I C E PROCESSING CENTER ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM ORDER

Before the Court are two Motions: (1) "Emergency Motion for Expedited Consideration or Petition for Writ of Habeas Corpus" (Doc. 2) and (2) "Emergency Motion for Immediate Release Pending Resolution of Petition for Writ of Habeas Corpus" (Doc. 3) filed by *pro se* Petitioner Junior Alfonso Castillo Ortega. Both Motions request identical relief—that Petitioner be granted an immediate release from custody or in the alternative, an expedited bond hearing.[1]

## BACKGROUND

According to Petitioner, he was detained on July 8, 2026, following a routine traffic stop. He is currently being held in civil administrative custody by U.S. Immigration and Customs Enforcement ("ICE") at the Central Louisiana ICE Processing Center in Jena, Louisiana. Petitioner complains that his Fifth Amendment and Fourth Amendment rights have been violated because he has not been granted an individualized bond hearing. Petitioner insists that he faces imminent, irreparable constitutional harm, potential transfer,

[1] The Court notes that Petitioner has failed to submit the $5.00 fee for filing a petition for writ of habeas corpus or a completed application to proceed *in forma pauperis* and has failed to provide a signed original complaint. See Doc. 6.

or unlawful removal without proper determination of flight risk or him being a danger to the community.

Petitioner informs the Court that he has no criminal record, he pays taxes, and supports two United States citizen kids. Additionally, Petitioner remarks that he is a local business owner of Materiales Fernanda LLC.

**LAW AND ANALYSIS**

The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

As previously noted, Petitioner seeks immediate release, or in the alternative, a bond hearing. To the extent petitioner seeks to be immediately released or to expedite a detention hearing, the Court considers this to be a shortcut around the habeas process. The Court is reluctant to set a precedent that would interfere with the Government's adjudication of Petitioner's immigration status. Accordingly,

**IT IS ORDERED** that Petitioner's (1) Emergency Motion for Expedited Consideration or Petitioner for Writ of Habeas Corpus (Doc. 2) and (2) Emergency Motion

for Immediate Release Pending Resolution of Petition for Writ of Habeas Corpus (Doc. 3) are **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 4th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**